UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

IN RE: Rickey Aldon Woodward                                            CASE NO.:15-80233
                                                                        Chapter 13

_____
                            AMENDED CHAPTER 13 PLAN

**Debtor modifies this plan to resolve the objection filed by creditor, Wood Duck Investments. Further, debtor modifies to lower his payments for 3 months (debtor's spouse is currently unemployed). Further, debtor modifies to include the correct amounts owed to IRS and La. Dept. of Revenue based on filed proofs of claim.**

This pleading is a Bankruptcy Rule 3025 (d) Summary and Notice of a Chapter 13 Plan of Repayment filed by the above captioned Debtor(s). The complete plan can be viewed and printed by logging on to PACER at www.lawb.uscourts.gov. To obtain a Password, you may register at http://pacer.psc.uscourts.gov or call the PACER Service Center at 1-800-676-6856. A summary of the contents of the plan filed by Debtor(s) is as follows:

Debtor(s)' *PLAN OF REPAYMENT* pursuant to 11 USC S.S.1321, S.S.1322, and S.S.1325; *PROPOSED ADEQUATE PROTECTION* pursuant to 11 USC S.S.361; Debtor(s) *REQUEST FOR VALUATION OF SECURITY* pursuant to 11 USC S.S.506:

I.  *Plan Summary*
    A. Plan Payment: **a total of $1,200.00 shall be paid into the plan over the first 3 months (March/April/May 2015); $100.00 per month for 3 months (June/July/August 2015); $350.00 per month for the remaining 54 months of the plan beginning with the September 2015 plan payment**
    B. Length of plan: **60** months
    C. Amount of plan: **$20,400.00**
    D. Amount of secured creditors to be paid by the trustee through the plan: **$0.00**
       **6.0%** Interest to be paid to secured creditors in this plan: **$0.00**
    E. Amount of priority creditors to be paid in plan: **$6,905.33 (student loans)**
                                                       **$1,907.26 (IRS)**
    F. Amount of Unsecured class 1 creditors in plan: **$6,107.96**
    G. Percentage to be paid to Unsecured class 1 creditors: **100%**
    H. Amount of Residential Mortgage to be thru Plan: **$0.00**
    I. Amount of Residential Mortgage Arrears to be paid Thru Plan: **$0.00**

Debtor(s) herein will pay or cause to be paid to the standing Chapter 13 Trustee the amount set forth above in the Plan for a term of **60** months. Said payments are to be made by: **PAYROLL DEDUCTION.**

II. *Payments to be made by the debtors outside the plan:*

| CREDITOR | COLLATERAL | TOTAL DEBT | MONTHLY PAYMENTS |
|---|---|---|---|
| Wood Duck Enterprises | Mortgage | $44,000.00 | $551.00 |

**\*the payments on this claim will extend beyond the term of the plan, debtor's obligation to Wood Duck on the claim and the lien on the collateral securing the same will survive the plan**

III. *Disbursements under the plan.*
     A. Administrative priority claims:
        1) C. Rodney Harrington - fee of **$2,800.00**
        2) Chapter 13 Trustee - a fee equal to **10%** of payments.
        3) **Mark A. Begnaud, attorney for Wood Duck Investments – attorney fees and costs in the amount of $560.90**

B. **Priority claims:**
**IRS - $1,907.26 (the balance of $590.57 shall be disbursed through this plan as an unsecured class 1 claim based on the filed proof of claim**

**Navient Student Loans – Navient has 3 claims for student loans:**
**1)$22,922.72 – the trustee shall disburse $1,800.00 through the plan for this claim**
**2)$12,386.58 - the trustee shall disburse $1,800.00 through the plan for this claim**
**3)$ 3,305.33 – the trustee shall disburse the total amount of $3,305.33 for this claim**
**\*the debtor shall make arrangements with Navient upon completion of this plan to pay any remaining balance due**

C. <u>Secured claims</u>:
The allowed secured claims set forth below shall be paid in full the value of the collateral, **plus 6.0% per annum interest on the collateral value**. The balance of the claim shall be treated as unsecured. Each creditor shall retain its lien. The debtors are the owners of the property serving as collateral for payment of the secured claims. Debtors are aware of the condition of the collateral and know its value. On the Plan filing date, the property has the value set forth below. The value is based upon disposition of said property in a commercially reasonable manner.

| CREDITOR | COLLATERAL | FMV | TOTAL DEBT | SECURED | INTEREST | UNSECURED |
|---|---|---|---|---|---|---|
| NONE | | | | | | |

**ADEQUATE PROTECTION:** These payments are to be made concurrently with attorney's fees and administrative fees.

**D. Residence Mortgage Note:**
None

**Special Class- Mortgage Arrears**
None

E. Secured Claims with Collateral to be Surrendered: **(In full satisfaction of debt)**

| CREDITOR | TOTAL DEBT | DESCRIPTION OF PROPERTY |
|---|---|---|
| None | | |

F. **GENERAL UNSECURED CLAIMS:** Unless listed above, all other claims: listed on Schedule F as unsecured; (2) listed on Schedule D and E as undersecured; or (3) any general unsecured claim filed before the bar date to which no objection is filed, will be treated as General Unsecured Claims and will receive **100%** of the claims.

G. Unsecured Special Class, Paid @ 100% or Co-signed:
The debtor desires that the following claims be paid in full through this plan, and, if co-signed, are to protect the interest of debtor's co-signer:

| CREDITOR | AMOUNT OF CLAIM |
|---|---|
| None | |

H. **Special Class Unsecured Claims:**

**AMENDED PLAN DATE: 06/05/2015**

**Respectfully submitted:**
/s/C. Rodney Harrington
Attorney at Law
P. O. Box 1278
Natchitoches, LA 71458-1278